UNITED STATES, Appellee

v

PAUL L. ROBSON, Corporal, U. S. Army, Appellant

16 USCMA 527, 37 CMR 147

No. 19,709

February 24, 1967

*Colonel Daniel T. Ghent, Captain Frank J. Martin, Jr.,* and *Captain John C. Holzer* were on the pleadings for Appellant, Accused.

*Colonel Peter S. Wondolowski, Lieutenant Colonel Francis M. Cooper,* and *Captain Salvatore A. Romano* were on the pleadings for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Fort Carson, Colorado, charged with larceny of a money order, forgery, and uttering of the same money order (separate specifications), and unlawfully opening and destroying mail matter, in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 934, respectively. He pleaded not guilty to all charges and specifications but was convicted of the larceny and forgery offenses. The uttering and mail matter specifications were dismissed by the law officer when he sustained defense counsel's motion for a finding of not guilty. Appellant was sentenced to confinement at hard labor for one year, forfeiture of $50.00 per month for a like period, and reduction to the grade of E-1. The convening author-ity approved the findings and sentence. A board of review in the office of the Judge Advocate General of the Army affirmed the findings of guilty but modified the sentence by approving only so much of the sentence as provides for confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and reduction in grade to the rank of E-1.

This Court granted review to consider counsel's allegation that:

The court-martial did not have jurisdiction because the offenses charged were allegedly committed prior to the accused's honorable discharge and do not survive under the bifurcated test of Article 3(a), Uniform Code of Military Justice. United States v Steidley, 14 USCMA 108, 33 CMR 320.

According to the record, the charged offenses allegedly occurred on November 16, 1964, at Fort Sill, Oklahoma. The petitioner received an honorable discharge, under AR 635–205, on December 16, 1964, and re-enlisted the following day. Counsel alleges that since the offenses are triable in a Federal District Court or in the Oklahoma State courts, Article 3(a) of the Code, supra, is inapplicable and jurisdiction to try the appellant by court-martial was lost when the latter was discharged.

We agree. Our decision in this case is governed by our opinion in United States v Ginyard, 16 USCMA 512, 37 CMR 132.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges are ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

This case is like United States v Steidley, 14 USCMA 108, 33 CMR 320, and different from United States v Ginyard, 16 USCMA 512, 37 CMR 132, and United States v Noble, 13 USCMA 413, 32 CMR 413.

When the convening authority was reviewing the record, the accused submitted a memorandum on the jurisdictional question. In it he represented he was *discharged* on December 16, 1964. Although the representation of discharge was not disputed, the issue was resolved against the accused because he had taken a "short term discharge." However, as I observed in my dissent in *Ginyard*, that factor is not determinative of the legal effect of the circumstances affecting the accused's obligation to serve. Additional matter was presented to the board of review, but these confirm the accused's representation that he was discharged. The first item is a Report of Transfer or Discharge (DD Form

214). This indicates the accused was *discharged* on December 16, under the provisions of "AR 635–205 SPN 313 (COG)." A typewritten notation at the top of the form indicates the accused "Reenlisted 17 Dec 64." The second document is titled "Enlistment Record (DD Form 4)." Several parts of this record are pertinent. One is a space captioned "Date Enlisted"; the date indicated is "17 Dec 64." Another is a section titled "Prior Service": an entry thereunder is as follows: "Date of Disch: 16 Dec 64." The inescapable import of these documents is that the accused was *actually discharged* on December 16.

Government counsel contend that the provisions of AR 635–205, cited in the Report of Transfer or Discharge, make manifest that the discharge was not to take effect until after the accused had obligated himself to an extended term of service, thereby making the situation similar to that in United States v Noble, supra. The regulation does indeed provide where there is a short term discharge for the purpose of reenlistment, the certificate of discharge will not be delivered to the individual "until after reenlistment is effected." However, the regulation also expressly provides that reenlistment "will be . . . *on the day following discharge.*" (Emphasis supplied.) AR 635–205, paragraph 3b, January 11, 1960. Thus, even if we assume for the purpose of this appeal that the regulation was followed, it would appear there was "an accomplished separation" of the accused before he obligated himself for further service. United States v Noble, supra, page 416.

It may be that the parties here, as the parties in *Ginyard*, did not intend an actual termination of accused's service, but rather a substitution of one period for another. No evidence of that intention appears in the record. Compare my dissent in United States v Steidley, 14 USCMA 108, 33 CMR 320. What does appear is that the accused received an un-

528

qualified discharge. He is, therefore, not subject to trial by court-martial for the particular offenses charged.

United States v Steidley, supra; see also my dissent in United States v Solinsky, 2 USCMA 153, 7 CMR 29.